UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, *Plaintiff*, v. PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY, *et al.*, *Defendants.* | Civil Action No. 17-1320 (CKK) |

**ORDER**
(July 6, 2017)

The Court hereby sets a hearing on Plaintiff's [3] Motion for a Temporary Restraining Order, to be held at **4:00 P.M.** on **July 7, 2017**, in Courtroom 28A. Counsel should be prepared to discuss the following issues in particular:

- The ownership and control of all computer systems that have or will be used in the collection, storage, and transfer of data collected at the behest of the Presidential Advisory Commission on Election Integrity, including the computer systems that are associated with the website https://safe.amrdec.army.mil/safe/Welcome.aspx, the email address ElectionIntegrityStaff@ovp.eop.gov, and the "White House computer system," ECF No. 8-1, at 3.

- The services that have or will be provided by the General Services Administration for the Presidential Advisory Commission on Election Integrity.

- The involvement of Commissioner Christy McCormick and/or the Election Assistance Commission in the decision-making process of the Presidential Advisory Commission on Election Integrity.

- The manner and extent to which the Commission expects "[r]elevant executive departments and agencies . . . to cooperate with the Commission." Executive Order No. 13,799, 82 Fed. Reg. 22,389, 22,390 (May 11, 2017).

- The authority, if any, relied upon by the Presidential Advisory Commission on Election Integrity to systematically collect voter information.

- The harm, if any, that Plaintiff or its members would suffer given Defendants' representation that only publicly available data will be collected by the Presidential

>   Advisory Commission on Election Integrity.

- The harm, if any, that Defendants would suffer from conducting a Privacy Impact Assessment, and whether any factors make the disclosure of such a Privacy Impact Assessment not "practicable."

Furthermore, in undertaking its independent duty to assess its subject-matter jurisdiction over this action, *see NetworkIP, LLC v. F.C.C.*, 548 F.3d 116, 120 (D.C. Cir. 2008), the Court notes that the parties have not addressed informational standing in this case, despite Plaintiff's request for the public release of a Privacy Impact Assessment, *see Friends of Animals v. Jewell*, 828 F.3d 989 (D.C. Cir. 2016). Accordingly, the parties shall file supplemental briefing on this issue by **1:00 P.M**. on **July 7, 2017**, with each party limited to 3 pages. The parties should be prepared to discuss Plaintiff's standing to bring this suit at the hearing.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge