IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>　　Plaintiff,<br><br>　　v.<br><br>PRESIDENTIAL ADVISORY COMMISSION ON<br>ELECTION INTEGRITY, *et al.*<br><br>　　Defendants. | Civ. Action No. 17-1320 (CKK) |

**SUPPLEMENTAL BRIEF ON PLAINTIFF'S INFORMATIONAL STANDING**

This Court has jurisdiction to order the Commission to disclose to EPIC a Privacy Impact Assessment for the proposed collection of personal voter data because EPIC has standing seek that record and would suffer an informational injury from nondisclosure. Compl. ¶¶ 40–49. An informational injury occurs when a plaintiff is denied information due to it under statute. *FEC v. Akins*, 524 U.S. 11, 21 (1998). As the D.C. Circuit recently explained:

> A plaintiff suffers sufficiently concrete and particularized informational injury where the plaintiff alleges that: (1) it has been deprived of information that, on its interpretation, a statute requires the government or a third party to disclose to it, and (2) it suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure.

*Friends of Animals v. Jewell*, 828 F.3d 989, 992, (D.C. Cir. 2016). "Anyone whose request for specific information has been denied has standing to bring an action; the requester's circumstances—why he wants the information, what he plans to do with it, what harm he suffered from the failure to disclose—are irrelevant to his standing." *Zivotofsky v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006). Further, denial of "timely access" to information constitutes

1

an "informational injury" to which the government can "make no serious challenge to the injury and causation elements . . . of standing." *Byrd v. EPA*, 174 F.3d 239, 243 (D.C. Cir. 1999).

The Supreme Court has held that plaintiffs in EPIC's position can establish standing to seek disclosure of records from an advisory committee, even if those records do not yet exist. *Pub. Citizen v. DOJ*, 491 U.S. 440, 447 (1989). In *Public Citizen*, the plaintiff-appellants sought to compel a committee to disclose, *inter alia*, (1) its charter and (2) advance notices of future committee meetings. *Id.* at 447–48. None of these putative government records existed at the time the plaintiff sought them because the committee disputed that it had any statutory obligation to create or record them. *Id.* Nonetheless, the Court held that the plaintiffs had Article III standing to demand their disclosure:

> Appellee does not, and cannot, dispute that appellants are attempting to compel [the defendants] to comply with [the Federal Advisory Committee Act]'s charter and notice requirements . . . . As when an agency denies requests for information under the Freedom of Information Act, refusal to permit appellants to scrutinize the ABA Committee's activities to the extent FACA allows constitutes a sufficiently distinct injury to provide standing to sue.

*Id.* at 449. EPIC is in the same position as Public Citizen: seeking public disclosure of an advisory committee document, which the Commission must by law record (here, a Privacy Impact Assessment). That the Commission has failed to record such a document is no bar to EPIC's information-based standing, just as it was no bar in *Public Citizen*. *Id.* at 449.

Notably, the court in *Public Citizen* found standing despite the defendant's contention that a favorable decision "would likely [not] redress the [plaintiffs'] alleged harm because the . . . records they wish to review would probably be" unavailable to them. *Id.* at 449. Here, by contrast, a favorable decision would redress EPIC's informational injury by forcing the Commission to comply with its recording and disclosure obligations. Complaint ¶¶ 40–49, p. 11 ¶ D. Even if the Commission seeks to duck its obligation to record a PIA—thereby denying

EPIC the ability to review such a document—*Public Citizen* is explicit that EPIC's "potential gains [would] undoubtedly [be] sufficient to give [it] standing" to demand disclosure. *Id.* at 451.

EPIC also satisfies the test in *Friends of Animals* for informational injury standing. First, EPIC has alleged that it was "deprived of information that . . . a statute requires the government . . . to disclose to it," *Friends of Animals*, 828 F.3d at 992. EPIC—by itself and through its members—was denied access to Commission information under the E-Government Act of 2002, Pub. L. 107–347, 116 Stat. 2899 (codified as amended at 44 U.S.C. § 3501 note), and the FACA, Pub. L. 92–463, 86 Stat. 7705 (relevant section codified at U.S.C. app. 2 § 10(b)). Compl. ¶¶ 40–49; *see* 5 U.S.C. § 706(1); *Am. Friends Serv. Comm. v. Webster*, 720 F.2d 29, 57 (D.C. Cir. 1983) (finding plaintiffs in an APA suit "[met] the 'zone of interests' test for standing" because the agency's violations of a records statute obstructed the "public's expected access to records"). Second, the harm EPIC has suffered is one that "Congress sought to prevent": a denial of "citizen access to Government information." Pub. L. 107–347, 116 Stat 2899, 2899; *see also* Pub. L. 92–463, 86 Stat. 770, 770 ("[T]he public should be kept informed with respect to the . . . activities . . . of advisory committees[.]"). EPIC has thus alleged a valid informational injury. *See PETA v. U.S. Dep't of Agric.*, 797 F.3d 1087, 1095 (D.C. Cir. 2015) (holding "denial of access to . . . information" was a "cognizable injury sufficient to support standing" in APA suit); *Am. Historical Ass'n v. NARA*, 516 F. Supp. 2d 90, 107 (D.D.C. 2007) ("Plaintiffs have standing to pursue their claim that the delay [in obtaining access to records] . . . violates the APA.").

Because EPIC has alleged a valid informational injury that confers standing to seek disclosure of the Commission's PIA, this Court has satisfied its duty to assess subject-matter jurisdiction over this action. *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008).

Respectfully Submitted,

/s/ Marc Rotenberg
Marc Rotenberg, D.C. Bar # 422825
EPIC President and Executive Director

Alan Butler, D.C. Bar # 1012128
EPIC Senior Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: July 7, 2017