IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY, *et al.*,<br><br>    Defendants. | Civil Action No. 1:17-cv-1320 (CKK) |

## DEFENDANTS' SUPPLEMENTAL BRIEF ON INFORMATIONAL STANDING

EPIC lacks informational standing, just as it lacks any other form of Article III standing. *See* ECF No. 8, at 5-7. Informational standing only applies when a statute *requires* the government to make specific, *preexisting* information public. EPIC seeks a Privacy Impact Assessment ("PIA") that the Commission did not (and was not required to) create. But informational standing does not apply when a plaintiff seeks to compel an agency to create something that does not already exist. EPIC "assert[s] a right to the informational product of [defendants'] programmatic activities, information which has not been withheld or misrepresented, but simply has not yet been generated." *Am. Farm Bureau v. E.P.A.*, 121 F. Supp. 2d 84, 97 (D.D.C. 2000). This amounts to a "generalized grievance" and "generalized interest in the enforcement of law," not a specific injury that supports standing. *Id.* (quoting *Judicial Watch, Inc. v. FEC*, 180 F.3d 277, 278 (D. C. Cir.1999)).

Informational standing is a "narrowly defined" theory of standing. *Common Cause v. FEC*, 108 F.3d 413, 420 (D.C. Cir. 1997). It exists when a plaintiff has been denied existing information to which it is statutorily entitled. *See Friends of Animals v. Jewell*, 828 F.3d 989, 992-93 (D.C. Cir. 2016). Informational standing is not a doctrine that allows a plaintiff to compel an agency to *create* a document to which, once it exists, the plaintiff will have a statutory entitlement. *See id.* And yet that is precisely the situation that EPIC finds itself in – it seeks to force the Commission to create a PIA which, it claims, it will then be entitled to view. That is not enough for standing

The D.C. Circuit has recently made clear that informational standing cannot be used to force an agency to make a written finding simply because, once made, that finding will be publically available to the plaintiff. In *Friends of Animals v. Jewell*, the court explained this principle in the context of the Endangered Species Act ("ESA"). *Id.* at 990-91. The ESA requires an agency to make a decision within 12 months as to whether a species should be listed on the Endangered Species List, and once it makes that decision, the agency must publish it in the Federal Register. *Id.* at 991. The plaintiff in *Friends of Animals* sued, claiming that the agency had not timely responded, and therefore it had not received the published finding to which it said it was entitled, causing it informational injury. Both the district and circuit courts rejected this argument because the information the plaintiff sought did not yet exist. "In truth, then, [plaintiff] is not seeking pre-existing 'information,' but is instead seeking to compel the Department to comply with the ESA by making a decision along the statute's timeline that will *generate* information. . . . [the plaintiff] has not alleged that the Department withheld any specific, concrete information *in its possession* concerning [the animals in question]; its

2

allegations, instead, focus on the Department's repeated failures to meet the various deadlines in the ESA's species-listing process." *Friends of Animals v. Jewell*, 115 F. Supp. 3d 107, 114 (D.D.C. 2015) (second emphasis added). The D.C. Circuit affirmed. It recognized that the agency "must publish [information] *after* making a given finding," but concluded that those publication requirements did not take effect *until* the agency actually made that finding in the first place. 828 F.3d at 933; *see also id.* ("By adopting this sequential procedural structure, Congress placed the Secretary under no obligation to publish any information in the Federal Register until after making a . . . finding."). Accordingly, there was no informational injury, and thus no standing.

The same principle applies here. The E-Government Act only requires disclosure of a PIA after it has already been created. *See* E-Government Act, 116 Stat. 2899, § 208(b)(1)(B)(iii) (stating that a PIA shall be made publically available, "if practicable," only "after completion of the review"). Just like the *Friends of Animals* plaintiff could not use the fact that an ESA finding must be published to force the agency to issue such a finding, EPIC cannot use the fact that a PIA should generally be made available as a "hook" to require the Commission to create a document it has not created (and, of course, it is not obligated to create).[1] It therefore lacks informational standing.

---

[1] Nor, unlike *Friends of Animals*, is it clear that the E-Government Act has a mandatory disclosure requirement. Section 208 of the E-Government Act states that an agency – which the Commission is not – shall "conduct a privacy impact assessment." 116 Stat 2899, § 208(b)(1)(B)(i). But it need only disclose the PIA "*if practicable* . . . ." *Id.* § 208(b)(1)(B)(iii) (emphasis added). The qualifier "if practicable" does not create an unqualified right to receive a PIA. *See e.g.*, *Friends of Animals*, 828 F.3d at 994 (informational standing only exists if statute "*guaranteed* a right to receive information in a particular form") (emphasis added).

3

Dated:  July 7, 2017                              Respectfully submitted,

                                                  CHAD A. READLER
                                                  Acting Assistant Attorney General
                                                  Civil Division

                                                  BRETT A. SHUMATE
                                                  Deputy Assistant Attorney General

                                                  ELIZABETH J. SHAPIRO
                                                  Deputy Director

                                                  */s/ Joseph E. Borson*
                                                  CAROL FEDERIGHI
                                                  Senior Trial Counsel
                                                  JOSEPH E. BORSON
                                                  Trial Attorney
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  P.O. Box 883
                                                  Washington, DC 20044
                                                  Phone: (202) 514-1944
                                                  Email: joseph.borson@usdoj.gov

                                                  *Counsel for Defendants*