## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>PRESIDENTIAL ADVISORY COMMISSION ON ELECTION INTEGRITY, *et al.*,<br><br>    Defendants. | Civil Action No. 1:17-cv-1320 (CKK) |

### DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL, OR IN THE ALTERNATIVE, FOR ADDITIONAL TIME TO RESPOND TO THE SECOND AMENDED COMPLAINT, WITH INCORPORATED MEMORANDUM

Defendants respectfully request that this Court stay all proceedings in this case pending resolution by the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") of plaintiff's appeal of the preliminary injunction denied by this Court on July 24, 2017. *See Elect. Info. Privacy Ctr. v. Presidential Advisory Comm'n on Election Integrity*, No. 17-5171 (D.C. Cir. filed July 25, 2017) (*EPIC v. PACEI II*). In support of this motion, defendants state as follows:

    1.    "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Wrenn v. D.C.,* 179 F. Supp. 3d 135, 136 (D.D.C. 2016) (quoting *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998)).  Courts possess "broad

discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

2. The outcome of the D.C. Circuit's proceedings is likely to have a significant, if not dispositive, impact on this case as a whole. The issues has raised in this appeal include whether the Presidential Advisory Commission on Election Integrity (the "Commission") or the Director of White House Information Technology are "agencies" for purposes of the Administrative Procedure Act ("APA") and whether the General Services Administration ("GSA") unlawfully withheld agency action in violation of the APA. *See* Appellant's Br., *EPIC v. PACEI II,* No. 17-5171 (D.C. Cir. filed Aug. 18, 2017). While their responsive appellate pleading is not due until September 15, defendants anticipate raising the issue of whether the plaintiff has Article III standing. Plaintiff's Second Amended Complaint raises five counts. All will be implicated by the D.C. Circuit's determination of whether plaintiff has Article III standing. Furthermore, Counts I through III depend on a determination of whether defendants are "agencies" for purposes of the APA or, in the case of GSA, unlawfully withheld agency action.[1] *See* Second Am. Compl. ¶¶ 62-76, ECF No. 33. That question is central to plaintiff's appeal. Counts IV and V bring constitutional claims; however, this Court has already concluded that plaintiff has failed to show that it has standing to bring these claims

---

[1] Count III argues that defendants have failed to make available for public inspection a Privacy Impact Assessment pursuant to FACA section 10(b), 5 U.S.C. app. 2 § 10(b). However, as discussed more extensively in defendants' opposition brief to plaintiff's amended motion for a preliminary injunction, ECF No. 38, only "agencies" are obligated to conduct a Privacy Impact Assessment. Additionally, because there is no private right of action under FACA, *Freedom Watch, Inc. v. Obama*, 807 F.2d 28, 33 (D.D.C. 2011), plaintiff can proceed, if at all, only under the APA. As mentioned above, the question of whether the Commission is an "agency" is central to plaintiff's appeal.

on behalf of its members, Mem. Op., at 15 n.4, ECF No. 40, and any further Article III standing rulings would likely be informed by the D.C. Circuit's disposition of this appeal.

3. Proceeding with matters in the district court while these issues are under consideration in the appellate court would in essence result in parallel proceedings on the same issues, resulting in an unnecessary expenditure of this Court's judicial resources.  Conversely, a stay would save both this Court's time and that of all parties involved, thus serving to "conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  *Jack Faucett Assocs., Inc. v. Am. Tel. & Tel. Co., 744* F.2d 118, 124 (D.C. Cir. 1984).  In sum, "[l]itigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests regarding time, cost, and effort." *Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1, 3 (D.D.C. 2002).

4. Plaintiff will not be prejudiced by a stay of the district court proceedings. The balancing test employed in determinations such as these require that the "[b]enefit and hardship will be set off, the one against the other," *Landis,* 299 U.S. at 259, and that there be no indication whatsoever that a stay would cause any "substantial harm to either [of the parties]."  *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C. Cir. 1977). The Court's Memorandum Opinion denying the plaintiff's Motion for a Preliminary Injunction found a lack of "actual or imminent" harm." Mem. Op. July 24, 2017, ECF 40.  And the delay caused by any stay would be negligible, if not nonexistent.  In no case would the stay be "unreasonably long," *Landis*, 299 U.S. at 258, as the expedited briefing schedule set by the D.C. Circuit provides for an expeditious review of plaintiff's appeal.  Indeed, plaintiff has already filed its opening brief on appeal, the government's response is due on September 15, and plaintiff's reply is due on September 22.  If plaintiff prevails on the legal issues before the D.C. Circuit, that will inform

and bind this Court as to those same questions of law. If the government prevails on the core legal issues, plaintiff likely will be unable to prevail in this Court. Accordingly, a stay pending appeal will maximize the efficient use of resources for both parties and the Court.

For these reasons, defendants ask this Court to stay all proceedings in this case pending resolution of plaintiff's appeal of this Court's order denying plaintiff's motion for a preliminary injunction. In the alternative, should this Court deny defendants' request to stay proceedings, then defendants respectfully request that they be given fourteen (14) days following this Court's order to answer or otherwise respond to the Complaint.

Pursuant to Local Civil Rule 7(m), undersigned counsel has consulted with counsel for the plaintiff, who represents that plaintiff opposes the relief requested.

Dated:  August 25, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Joseph E. Borson*
CAROL FEDERIGHI
Senior Trial Counsel
JOSEPH E. BORSON
KRISTINA A. WOLFE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1944
Email: joseph.borson@usdoj.gov

*Counsel for Defendants*