## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION
CENTER,

      Plaintiff,

v.

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY, *et al.*,

      Defendants.

Civil Action No. 1:17-cv-1320 (CKK)

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO STAY PROCEEDINGS PENDING APPEAL

Plaintiff's opposition brief does nothing to undermine the reasons why a stay of proceedings while plaintiff's appeal is pending would be the most efficient and sensible use of this Court's resources. For the reasons that follow, plaintiff's opposition lacks merit, and the defendants' motion for a stay pending appeal should be granted.

1. Defendants have moved to stay proceedings pending resolution of plaintiff's appeal of the preliminary injunction denied by this Court on July 24, 2017, because they believe that the outcome of the proceedings before the D.C. Circuit is likely to have a significant, if not dispositive, impact on this case and a stay would maximize the efficient use of resources for the Court and the parties. Plaintiff opposes a stay of all proceedings on the grounds that its constitutional claims are not before the D.C. Circuit and there are, in its view, several issues that require additional fact-finding. Pl.'s Opp. to Defs.' Mot. Stay Proceedings Pending Appeal ("Pl.'s Opp.") at 2-3, ECF

No. 50.  Plaintiff further contends that a stay would "unnecessarily and unfairly delay" resolution of the merits of its claims.  *Id.* at 4.  Plaintiff also asserts, without explanation, that the Court should decline to stay these proceedings pending appeal because the timing of defendants' motion prejudices its ability to effectively litigate its claims.  *Id*.  Alternatively, plaintiff suggests that should the Court be inclined to grant a stay, the stay should be "limited to only the issues raised on appeal."  *Id.* at 1.

2.      Plaintiff's arguments and request for alternative relief ignore the fact that the issues under consideration in the D.C. Circuit include the threshold issue of Article III standing.  *See* Defs.' Mot. Stay Proceedings Pending Appeal ("Defs.' Mot.") at 2, ECF No. 48; Appellee's Br., *EPIC v. Presidential Advisory Commission on Election Integrity ("PACEI II")*, No. 17-5171 (D.C. Cir. filed Sept. 15, 2017); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009) ("[T]he court has an independent obligation to assure that standing exists.").  The D.C. Circuit's determination of whether plaintiff has Article III standing, and, if so, on what basis, will necessarily inform any further rulings by this Court.  Indeed, if the D.C. Circuit were to conclude that plaintiff lacks standing to bring one or more of the claims set forth in the Second Amended Complaint, that determination will likely be dispositive.  Further, because the issue of Article III standing is controlling, the limited stay plaintiff proposes would not significantly conserve judicial resources.

3.      The issues raised in plaintiff's appeal also include whether the Presidential Advisory Commission on Election Integrity (the "Commission") and the Director of White House Information Technology ("DWHIT") are agencies for purposes of the Administrative Procedure Act ("APA"), and whether the General Services Administration ("GSA") unlawfully withheld agency action in violation of the APA.  *See* Appellant's Br., *EPIC v. PACEI II*, No. 17-5171 (D.C.

Cir. filed Aug. 18, 2017). As plaintiff recognizes in its opposition brief, these issues, particularly the issues of whether the Commission and the DWHIT are agencies for purposes of the APA, are fundamental to the merits of plaintiff's claims brought under the APA. Pl.'s Opp. at 2. Thus, the D.C. Circuit's disposition of plaintiff's appeal will likewise inform any further rulings by this Court regarding those claims.

4.      Notwithstanding plaintiff's contention, *see* Pl.'s Opp. at 2, the fact that the constitutional claims are not before the D.C. Circuit does not weigh against staying these proceedings during the pendency of the appeal. The Court has previously concluded that plaintiff failed to satisfy its burden to show that it has standing to bring those claims on behalf of its Advisory Board members. And while plaintiff states that it "intends to supplement the record" to show that it can establish associational standing, *id.* at 3, plaintiff was already given an opportunity to supplement the record prior to the Court's ruling. *See id.*; *see also* Reply in Supp. of Pl.'s Emergency Mot. for Temp. Restraining Order & Affirmation of Marc Rottenberg with attachments (July 6, 2017), ECF Nos. 13, 13-2; Pl.'s Sur-Surreply & Ex. 1 Declaration of Marc Rottenberg (July 7, 2017), ECF Nos. 19, 19-2. Moreover, the Court noted that even if plaintiff had satisfied its burden to establish associational standing, plaintiff would likely not prevail on the constitutional claims because "the D.C. Circuit has expressed 'grave doubts as to the existence of a constitutional right of privacy in the nondisclosure of personal information.'" Mem. Op. at 15 n.4, ECF No. 40 (quoting *Am. Fed'n of Gov't Emps., AFL-CIO v. Dep't of Hous. & Urban Dev.*, 118 F.3d 786, 791 (D.C. Cir. 1997)).

5.      Plaintiff also urges this Court to deny defendants' stay motion on the grounds that plaintiff intends to seek jurisdictional discovery regarding whether the Commission and the DWHIT are agencies for purposes of the APA. *See* Pl.'s Opp. at 3. However, the D.C. Circuit's

ruling on the questions of whether the Commission and the DWHIT are agencies will, as noted above, necessarily inform any further rulings by this Court, including a ruling on whether discovery to "ascertain the full responsibilities and activities of both entities," *id.,* is warranted.

6.      Plaintiff also argues that if the Commission is not an "agency," it "would . . . be obligated to make *all* the personal voter data that it collects available for public inspection," and that plaintiff is therefore entitled to "jurisdictional discovery" to determine whether the Commission intends to make personal voter data public.  Pl.'s Opp. at 3-4.  This claim is premised on an error of law:  under FACA, "[t]he government is required to make section 10(b) materials available to the public as a matter of course, *unless a FOIA exemption applies*."  *Ctr. for Biological Diversity v. Tidwell*, 239 F. Supp. 2d 213, 227 (D.C. Cir. 2017).  Accordingly, discovery regarding whether the Commission intends to make personal voter data public (which the Commission has in any event stated it will not do unless the data is de-identified) will not inform the issue of whether the Commission is, or considers itself to be, an agency.

7.      Plaintiff also contends that a stay is inappropriate because it intends to move for discovery regarding, and to supplement the record with, additional information that will clarify and further support its assertion of associational standing.  *See* Pl.'s Opp. at 3.  But it has not done so to date, despite having ample opportunity since the Court issued its Memorandum Opinion. Accordingly, plaintiff's professed intent to seek jurisdictional discovery does not weigh against staying these proceedings pending resolution of the appeal.

8.      Tellingly, plaintiff does not, nor can it, refute defendants' contention that a stay would not cause "substantial harm to either [of the parties]," *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977).  As defendants noted in their motion, *see* Defs.' Mot. at 3, in denying plaintiff's amended motion for a preliminary injunction, the Court

4

found a lack of "actual or imminent" harm.  Mem. Op., ECF No. 40.  Further, a stay of these proceedings will not unfairly delay resolution of the merits of plaintiff's claims because the stay, if granted, would not be "unreasonably long."  *Landis v. N. Am. Co.*, 299 U.S. 248, 258 (1936).  The briefing schedule set by the D.C. Circuit provides for expeditious review of plaintiff's appeal: the appeal will be fully briefed as of September 22, 2017, and oral argument is scheduled for November 21, 2017.

9.     Finally, plaintiff has not demonstrated how the timing of defendants' motion prejudices its ability to effectively litigate this matter.  Defendants proposed a stay of these proceedings after reviewing the issues plaintiff raised on appeal and concluding that the D.C. Circuit's ruling would likely have a significant impact on the resolution of plaintiff's claims.  At the time defendants proposed a stay, there were no pending motions or requests that would be impacted by the proposed stay.  Indeed, plaintiff had not conferred with defendants regarding the discovery requests discussed in plaintiff's opposition brief or its apparent intent to seek leave to further supplement the record to support its assertion of associational standing.

10.    Even if plaintiff had shown how the timing of defendants' motion prejudices its ability to effectively litigate this case, it has not cited any authority that supports its contention that the timing of a party's motion for a stay pending appeal may be so prejudicial as to warrant the denial of the proposed stay.  The sole case upon which plaintiff relies does not involve the timing of a motion.  Rather, it involves the entry of default judgment after the defendant failed to respond to several discovery requests and court orders.  *See Cintec Int'l Ltd. v. Parkes*, 468 F. Supp. 2d 77 (D.D.C. 2006).  The circumstances here are far different.  Plaintiff has not moved for discovery and defendants have not failed to comply with an order of this Court.

A stay of all proceedings in this case pending resolution of plaintiff's appeal of this Court's order denying plaintiff's amended motion for a preliminary injunction will conserve judicial resources and prevent inconsistent decisions.

Dated:  September 15, 2017                Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

BRETT A. SHUMATE
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Kristina A. Wolfe*
CAROL FEDERIGHI
Senior Trial Counsel
KRISTINA A. WOLFE
JOSEPH E. BORSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 353-4519
Email: kristina.wolfe@usdoj.gov

*Counsel for Defendants*