IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION
CENTER,

    Plaintiff,

v.

PRESIDENTIAL ADVISORY
COMMISSION ON ELECTION
INTEGRITY, *et al.*,

    Defendants.

Civil Action No. 1:17-cv-1320 (CKK)

**FOURTH DECLARATION OF CHARLES C. HERNDON**

I, Charles C. Herndon, declare as follows.

1. As I have described in my previous declarations,[1] I am the Director of White House Information Technology ("WHIT") and Deputy Assistant to the President. I am the senior officer responsible for the information resources and information systems provided to the President, Vice President, and Executive Office of the President. I report to the White House Deputy Chief of Staff and Assistant to the President for Operations, and through him to the Chief of Staff and the President. I am part of what is known as the White House Office. This

---

[1] I previously submitted a declaration in this action that was filed on July 17, 2017, ECF No. 38-1. I also submitted a declaration that was filed on January 9, 2018, in *Dunlap v. Presidential Advisory Commission on Election Integrity*, No. 17-cv-2361 (CKK) (D.D.C.) ("Second Declaration"), and another declaration that was filed on January 16, 2018, in *Joyner v. Presidential Advisory Commission on Election Integrity*, No. 170-cv-22568-MGC (S.D. Fla.), ECF No. 82-2 ("Third Declaration").

declaration is based on my personal knowledge and upon information provided to me in my official capacity.

2. With respect to the current status of the state voter data, all of the state voter data provided to the former Presidential Advisory Commission on Election Integrity ("Commission") remains encrypted and stored in a separate container within the domain electionintegrity.whitehouse.gov. Only four members of the WHIT's staff have ever had access to the data. These staff members are not authorized to transfer or utilize this data. No member of the former Commission has ever been provided access to the state voter data, either before or after the Commission's termination. The state voter data has never been transferred to, or accessed or utilized by, the Department of Homeland Security or any other agency. To be clear, the state voter data has not been transferred to any entity or individual.

3. In my Second Declaration, I stated that "[p]ending resolution of outstanding litigation involving the Commission, and pending consultation with [the National Archives and Records Administration ("NARA")], the White House intends to destroy all voter data. Until such disposition, the data will continue to be maintained by the WHIT technical staff as presidential records." Second Herndon Decl. ¶ 4.

4. Consistent with the intention to destroy the voter data, and in accordance with the Presidential Records Act, 44 U.S.C. § 2203(c), the President has sought and obtained the written views of the Archivist concerning the proposed disposal of the state voter data. The Archivist has stated, in accordance with Section 2203(c)(2) of the Presidential Records Act, that he does not intend to take any action under subsection (e) of Section 2203. Further, the Archivist has agreed that the records proposed for disposal do not have sufficient administrative, historical,

informational, or evidentiary value to warrant continued (*i.e.*, permanent) preservation under the Presidential Records Act, and that it is reasonable to dispose of them.

5. The state voter data are also currently subject to litigation holds in this and other related cases. Accordingly, I understand that on June 20, 2018, litigation counsel from the Department of Justice sent a letter to plaintiffs' counsel in this and the related cases seeking their written consent to the destruction of the state voter data. This letter is attached as Exhibit A.

6. I am advised that no litigant in any of the pending cases, including plaintiff's counsel in this action, has responded to the June 20, 2018, correspondence. I understand, however, that the June 20, 2018 letter was attached as an exhibit in support of plaintiff's Application for an Extension of Time to File a Petition for a Writ of Certiorari, which was filed with the Supreme Court on June 21, 2018 and subsequently granted. That application is attached as Exhibit B.

7. The White House stands ready to destroy the state voter data. I am waiting to execute the disposal until I am instructed by litigation counsel that I am able to do so and that the litigation hold issue has been resolved.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  17  day of July 2018.

*[signature]*
Charles C. Herndon